## H. HASTY v. THE STATE.

1—A recognizance on appeal is fatally defective which does not state the term of the District Court at which the accused is bound to make his appearance. Also (as often decided) when it fails to state the offense of which the party was charged.

APPEAL from Marion. Tried below before the Hon. Winston Banks.

The appellant was indicted, tried and convicted of unlawfully cutting trees, the property of another; and was fined in the sum of sixteen dollars.

No motion to dismiss the appeal appears in the record, from which it is inferable either that the motion was made *ore tenus* or that the Supreme Court took cognizance of the defect without motion.

*Geo. F. Todd*, for the appellant.

No brief for the State.

LINDSAY, J.—This appeal must be dismissed for the want of a proper recognizance. Under the view of the law taken by this court in the case of Manes v. The State, 20 Texas R., 38, it is defective, because it does not state the term to which the party is bound to appear. In the case of Lorance Horton v. The State, decided at the Tyler Session, 1867, of this court, it was directly adjudicated by this court, that a defective recognizance, executed by a party convict on his appeal, defeats the jurisdiction of the Supreme Court, and the appeal must be dismissed. By the authority of that case alone we are constrained to dismiss this appeal. The recognizance does not contain the requisites prescribed in the Code of Criminal Procedure. It does not indicate the term of the District Court to which the defendant is required to appear. It does not state the offense with which he stood charged, and of which he was convicted in

XXXII—6

the court below.   The recognizance, as a recognizance, is certainly defective, and by reason of the decision in the said case of Horton v. The State, the jurisdiction of this court is ousted by the negligence or ignorance of the agents and officers of the State with whom the citizen was in contest.   The appeal is dismissed.

Dismissed.